UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, | Criminal No. 3:04cr209 (JBA) |
| *v.* | |
| VINCENT WATTS | April 19, 2013 |

**RULING ON DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

Defendant Vincent Watts moves [Doc. ## 55, 77] for a reduction in sentence pursuant to 18 U.S.C. § 3582(c) in light of Amendment 706 to the Guidelines, which reduced by two levels the base offense level for cocaine base ("crack cocaine") offenses. The Government opposes this motion, arguing that because Mr. Watts was sentenced under the career offender guideline, he is ineligible for relief under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. For the following reasons, Defendant's motion for reduction in sentence is denied.

**I.    Background**

On September 14, 2004, Defendant was charged in an Indictment [Doc. # 1] with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). On November 4, 2010, Mr. Watts pleaded guilty to Count One of the Indictment (*see* Minute Entry [Doc. # 11]), and was sentenced by this Court on October 31, 2005 (*see* Minute Entry [Doc. # 34].) At the sentencing hearing, the Court determined that pursuant to U.S.S.G. § 2D1.1(c)(3), Defendant's base offense level was 32. (*See* Oct. 31, 2005 Sentencing Tr. ("Tr.") at 7.) However because

Mr. Watts was determined to be a career offender pursuant to U.S.S.G. § 4B1.1(a),[1] his offense level was enhanced to 37. (*Id.*)  The Court then subtracted three levels, pursuant to U.S.S.G. § 3E1.1, for a total offense level of 34. (*Id.* at 14–15.)  The Court determined that Mr. Watts's criminal history category was VI, which, at offense level 34, results in a Guideline range of 262 to 327 months' imprisonment. (*Id.* at 15.)  In light of the Defendant's assistance to the Government, the Court departed from the Guideline range, based on the Government's motion under U.S.S.G. § 5K1.1, and imposed a sentence of 192 months' imprisonment. (*Id.* at 46.)

In 2008, the Probation Office determined that Mr. Watts was not eligible for a reduced sentence pursuant to Amendment 706 to the Sentencing Guidelines, which provides for a two–level reduction in the offense level for crack cocaine offenses, because he was sentenced as a career offender.  On June 6, 2008, the Court issued an order to show cause [Doc. # 48] directing the parties to file memoranda reflecting their position on Defendant's eligibility for a reduced sentence.  The Government filed its response [Doc. # 49] on June 24, 2008, and Defendant filed his response [Doc. # 55] on September 30, 2008.  The Government filed a reply [Doc. # 59] on October 28, 2008.  After a change in Defendant's counsel, the Court requested that Defendant reply to the Government's prior briefing; this reply was filed [Doc. # 67] on April 28, 2011.  The Government

---

[1] In some of the earlier briefing on this motion, Defendant argued that the Court improperly determined that he was a career offender. (*See* Def.'s Mot. for Reduction in Sentence [Doc. # 55] at 15–18.)  Defendant stipulated in his plea agreement and conceded during sentencing that he was a career offender in light of his prior convictions. (*See* Plea Agreement [Doc. # 14] at 4; Tr. at 11–12.)  Furthermore, "because § 3582(c)(2) does not authorize a sentencing or resentencing proceeding, a defendant may not seek to attribute error to the original, otherwise-final sentence in a motion under that provision." *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) (quoting *Dillon v. United States*, 130 S. Ct. 2683 (2010)).  Therefore, should Defendant wish to pursue this argument, he would need to do so in a separate proceeding.

responded [Doc. #69] on May 4, 2011.  Additional briefing was filed in December 2011, regarding the Second Circuit decision in *United States v. Rivera*, 662 F.3d 166 (2d Cir. 2011) and its application to this case.  (*See* Def.'s Mem. Supp. [Doc. # 77]; Gov't's Mem. Opp'n [Doc. # 79].)  In that briefing, the Government requested that the matter be held in abeyance pending the Second Circuit's determination of the appeal in *United States v. Swint*, 442 F. App'x 614 (2d Cir. 2012).  On June 14, 2012, the Government filed a final memorandum of law [Doc. # 81], discussing the application of *Swint* to the present case.[2]

## II. Discussion

Mr. Watts moves for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 706 to the Sentencing Guidelines, which reduced by two levels the offense levels previously assigned to quantities of cocaine base.  Section 3582(c)(2) states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  Pursuant to U.S.S.G. § 1B1.10, such a reduction is not consistent with Sentencing Commission policy statements if the amendment "does not have the effect of lowering the defendant's applicable guideline range."

A defendant who is convicted of a crack cocaine offense but is sentenced under the career offender guideline is generally not eligible for a sentencing reduction pursuant to a subsequent amendment to the crack cocaine guidelines.  *See United States v.*

---

[2] The Court recognizes that a significant amount of time has passed since this matter first came under its consideration, and regrets any additional delay in ruling on the pending motion beyond that required to await guidance from the Second Circuit as to the legal issues at play in this case.

*Martinez*, 572 F.3d 82, 83 (2d Cir. 2009). However, the Second Circuit has recognized that in some circumstances, such a defendant may be eligible for a reduced sentence. For example, when a sentencing court departs from the career offender guideline and explicitly states that it is departing to the crack offense guideline, a defendant will be eligible for a reduction. *See United States v. McGee*, 553 F.3d 225, 228 (2d Cir. 2009). In *Rivera*, the Second Circuit addressed the question of whether a defendant may be eligible for a reduced sentence where, as in this case, the sentencing court departed from the career offender guideline without explicitly stating that it was departing to the crack offense guideline. The *Rivera* court held that

> [w]here the sentencing judge departs from a range computed under the career offender guideline to a lower range, the sentence imposed was "based on" the latter range for purposes of § 3582(c)(2), and for the purposes of § 1B1.10 that range is the "guideline range applicable" to the defendant. If the subsequently lowered guideline "was a relevant part of the analytic framework the judge used to determine the sentence," the relevant statutory and Guidelines provision require that a § 3582(c)(2) proceeding be available to allow the sentencing court the opportunity to remedy an injustice.

662 F.3d at 177 (internal citations omitted).

In *Rivera*, the defendant's base offense level was 38, and thus even though he was a career offender, the career offender guideline mandated that the Court borrow the offense level guideline because it was greater than 37. *Id.* at 169. The sentencing court also departed three levels to a total offense level of 35 based on the defendant's mental health, pursuant to Chapter 5 of the Guidelines. *Id.* However, because under the amended guidelines the defendant's base offense level would have been 36, his offense level would have then increased to 37 pursuant to the career offender guideline, and would have ultimately been reduced to 34 assuming the same reduction as the one originally imposed

4

by the sentencing court. *Id.* at 174 & n.7. Thus, in *Rivera*, the crack cocaine guideline "was a relevant part of the analytic framework the judge used to determine the sentence," and the guideline range to which the sentencing court departed would have been lowered by Amendment 706. Unlike *Rivera*, in Mr. Watts's case, his offense level was lower than the career offender level, and thus the career offender level controlled his adjusted offense level. Therefore, his offense level would remain a 37 even if the two-level reduction enacted by Amendment 706 were taken into account.

The *Rivera* court did not base its ruling solely on the effect the amendment would have had on the career offender guideline calculation. The court also recognized that the sentencing judge may have decided to depart because he believed "that the range produced by the career offender guideline overrepresented the seriousness of Rivera's criminal history, and that therefore a sentence within the range produced by the offense guideline (324–405 months) was fairer." *Id.* at 177. Thus, in *United States v. Swint*, 442 F. App'x 614, 616–17 (2d Cir. 2011), the Second Circuit held that where a sentencing court departed from the career offender guideline and subsequently clarified during the § 3582(c)(2) proceeding that the departure had been influenced by the applicable offense guideline, the defendant qualified for a reduction in sentence pursuant to Amendment 706. Therefore, if this Court had taken the otherwise applicable offense level into account in reaching its decision to depart to a sentence of 192 months' imprisonment, Mr. Watts would be eligible for a reduced sentence.

However, unlike the court in *Swint*, this Court did not base its departure on the offense level that would otherwise have been applicable to Mr. Watts, and the crack cocaine guideline was not "a relevant part of the analytic framework . . . used to determine [his] sentence." By imposing a sentence of 192 months' imprisonment, the

5

Court departed to a sentence that was above the range that would have been applicable had Mr. Watts not been found to be a career offender.[3] Furthermore, at the sentencing hearing, Mr. Watts's counsel ably addressed the inequities of the crack/powder disparity in the Guidelines, but the Court found that it did not need to consider that argument in light of the Government's motion:

> In light of the government's motion under 5K1.1, however, the Court need not reach the legal issue of the crack/powder disparity and the varying competing policies that have been identified by [defense counsel] and the government in the case law. . . . [W]e will reserve [defense counsel's] insightful observations with respect to the drug guidelines for another day.

(Tr. at 36, 51–52.) Thus as the Court explained, its decision to depart was based solely on Defendant's assistance to the Government:

> The defendant's assistance requires reward, notwithstanding whatever may have been its motivation or its consequences—well, notwithstanding what may have been its motivation, for the simple fact that the system needs such assistance and it has—given the consequences Mr. Sheehan outlines, it must be worth the while of the person giving the assistance. For that reason, the Court does depart.

(*Id.* at 46.) Therefore, because the crack cocaine guidelines played no role in the Court's determination of the sentence to which it departed, Mr. Watts's sentence was not "based on" a guideline range that was subsequently amended, and he is ineligible for a reduced sentence pursuant to § 3582(c)(2).

---

[3] Mr. Watts's base offense level under the crack guidelines was 32, which would have been reduced to 29 once the three-level reduction for acceptance of responsibility was taken into account. At offense level 29 and criminal history category VI, Defendant's otherwise applicable guideline range was 151 to 188 months' imprisonment.

## III. Conclusion

For the reasons discussed above, Defendant's Motion [Doc. ## 55, 77] for Reduction in Sentence is DENIED.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 19th day of April, 2013.